# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CONSTANCE MARIE CARTIER,   )<br>              Plaintiff,   )<br>     v.   )<br>CAROLYN W. COLVIN, Acting   )<br>Commissioner of Social Security,   )<br>              Defendant.   )<br>_____ ) | Case No. CV 14-05174 (SH)<br><br>MEMORANDUM DECISION AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and Supplemental Social Security Income. Pursuant to 28 U.S.C. § 636, the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief; Memorandum of Points and Authorities;

Defendant's Brief with Points and Authorities in Support of Defendant's Answer; Plaintiff's Reply; Memorandum of Points and Authorities); and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I.  BACKGROUND

On August 9, 2011, plaintiff Constance Marie Cartier filed an application for a period of disability and Disability Insurance Benefits. On the same date, plaintiff filed an application for Supplemental Social Security Income. Both applications alleged an inability to work since May 10, 2009 due to problems with her right and left shoulders. (See Administrative Record ["AR"] 186-95, 228-29). On November 7, 2012 (following a hearing on October 18, 2012, see AR 57-89), an Administrative Law Judge ("ALJ") issued a decision. The ALJ determined that the plaintiff had severe impairments -- "status-post right and left rotator cuff surgeries with residual effects" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 29-37).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR ), plaintiff filed this action in this Court.

Plaintiff solely alleges the ALJ erred in rejecting plaintiff's treating physician's opinion.

For the reasons discussed below, the Court concludes that the ALJ's Decision should be reversed and remanded.

## II.  DISCUSSION

Plaintiff asserts that the ALJ failed to give any reason for rejecting the opinion of Dr. Amores, plaintiff's treating physician. Defendant asserts that the substantial evidence supported the ALJ's Decision.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(b)-(d). The ALJ "may disregard a treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended). If a treating physician's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

In a form entitled "Physical Residual Functional Capacity Questionnaire" dated October 11, 2012, Dr. Ronald Glousman of Kerlan-Jobe Orthopaedic Clinic stated that plaintiff had the following limitations due to bilateral shoulder pain (resulting from a rotator cuff tear): plaintiff frequently (34% to 66% of an 8-hour workday) experiences pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks; plaintiff can sit and stand for more than 2 hours at one time and at least 6 hours in an 8-hour workday; plaintiff needs periods of walking around during an 8-hour workday; plaintiff can frequently lift 10 pounds or less

in a competitive work situation; plaintiff cannot lift overhead with her right or left arms; and plaintiff cannot push or pull greater than 10 pounds bilaterally. (See AR 1264-67)[1]

After discussing the medical evidence, including the evaluations of plaintiff by Dr. Steven Silbart, the consultative examiner, the ALJ addressed Dr. Glousman's opinion as follows: "The opinions of Dr. Glousman, as the claimant's treating physician and surgeon, are entitled to controlling weight, also based on their consistency with the objective clinical and diagnostic findings pursuant to the regulations." (AR 34).

While the ALJ purportedly gave controlling weight to Dr. Glousman's opinion, the ALJ did not provide any reason for rejecting Dr. Glousman's opinion that plaintiff frequently (34% to 66% of an 8-hour workday) experiences pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks.[2]

Defendant contends that the ALJ's discussion of "evidence sets forth her reasoning and provides sufficient guidance for this Court to draw reasonable inferences as to why she did not include any additional limitations based upon Dr. Glousman's finding that pain would impact Plaintiff's ability to sustain attention and concentration," and cites examples of entries in the medical record to support that contention. (See Defendant's Brief at 5). However, the fact that the ALJ did not cite anything in the record as a basis for rejecting Dr. Glousman's opinion about plaintiff's limitations with attention and concentration precludes the Court from addressing defendant's contention. See Ceguerra

---

[1] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).
The ALJ found that plaintiff had the RFC to perform sedentary work except "she is precluded from performing overhead activities and pushing/pulling more than 10 pounds." (See AR 32).

[2] The Court notes that the ALJ stated that Dr. Silbart's opinions were entitled to "considerable weight based on their consistency with the objective clinical and diagnostic findings." (See AR 34). However, there is no indication in the record that Dr. Silbart rendered any opinion about plaintiff's attention and concentration issues.

4

v. Secretary of Health & Human Services, 933 F.2d 735, 738 (9th Cir. 1991)("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

Therefore, the Court finds that the ALJ erred in failing to provide any reason for rejecting Dr. Glousman's opinion about plaintiff's attention and concentration limitations.

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g). At the hearing, the ALJ shall credit all of Dr. Glousman's opinion testimony. See Lester v. Chater, supra, 81 F.3d at 834 ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'"). Further, the hypothetical questions to the vocational expert should reflect plaintiff's limitations as per Dr. Glousman's testimony. See Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012)("Because the overall record shows these additional assumptions should been incorporated into the ALJ's hypothetical, remand is appropriate."); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .").

DATED: January 6, 2015

/s/ Stephen J. Hillman
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE